Filed 11/24/25  P. v. Turner CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAFONZO R. TURNER,<br><br>    Defendant and Appellant. | B338078<br><br>(Los Angeles County<br>Super. Ct. No.  MA085593-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Finding no error, we affirm.

On August 3, 2023, the People filed a complaint alleging Lafonzo R. Turner violated Penal Code section 4502, subdivision (a) (custodial possession of a weapon). On September 20, 2023, Turner entered a plea of not guilty to the charge.

On October 3, 2023, the trial court declared a doubt as to Turner's competency to stand trial and suspended criminal proceedings. On October 21, 2023, the trial court found Turner competent to stand trial. On December 11, 2023, the court held a preliminary hearing and later held Turner to answer to the charge. At that hearing, Jared Ongaro testified. Ongaro was on duty as a correctional officer at Lancaster State Prison on Tuesday, October 4, 2022. At about 6:00 a.m. he encountered the incarcerated Turner alone and asleep in his cell. Ongaro had received a tip that Turner had a weapon, so Ongaro entered the cell with his partner to search for weapons. Ongaro discovered a silver metal rod sharpened to a point in one of the frames of Turner's wheelchair inside the cell. The rod was secreted inside a tubing of the wheelchair. Ongaro had to remove a plastic cap on the wheelchair to discover it. As Turner was being escorted out of his cell, Ongaro heard him say (not verbatim) that "if he would have done it, he would have been a bad guy, that he could have killed one of us."

On December 21, 2023, the People filed a one-count Information alleging a violation of Penal Code[1] section 4502, subdivision (a), custodial possession of a weapon. The Information also alleges enhancements for two prior serious and/or violent felonies as defined in section 667, subdivision (d) and

---

[1] Undesignated statutory references are to the Penal Code.

section 1170.12, subdivision (b), and circumstances in aggravation within the meaning of California Rules of Court, rule 4.421(a), (b) and (c).

On December 28, 2023, the trial court declared a doubt as to Turner's mental competence and transferred him to the Mental Health Division for examination. On February 21, 2024, the Mental Health Division found Turner competent to stand trial within the meaning of section 1368 and reinstated criminal proceedings against him.

On April 10, 2024, Turner pled no contest to the sole count in the Information. That same day the trial court sentenced Turner to one year (one-third the midterm) in custody consecutive to the sentence he was serving when this offense was committed.

On May 15, 2024, Turner filed a timely notice of appeal. He did not request a certificate of probable cause.

We appointed counsel for Turner on appeal. On June 27, 2024, this court ordered that the notice of appeal filed on May 15, 2024 be limited to issues not requiring a Certificate of Probable Cause. On August 18, 2025, counsel filed an opening brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436, asking this court to independently review the record for error. That same day counsel asked the court to take judicial notice of Turner's prior felony convictions. We grant that request now.

On August 18, 2025, we notified Turner that a no-issue brief had been filed on his behalf and that he had 30 days to file a supplemental brief stating any grounds for an appeal, or contentions, or arguments he wishes us to consider. Turner has not filed a supplemental brief.

3

We have examined the record and are satisfied counsel on appeal fully complied with his responsibilities and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.


We concur:



WILEY, J.




VIRAMONTES, J.

4